## CIRCUIT COURT OF FAIRFAX COUNTY

Business System Software, Inc.

v.

Health Costs Consultants, Inc.

November 16, 1998

Case No. (Chancery) 152191

BY JUDGE JANE MARUM ROUSH

This matter came on to be heard on November 13, 1998, on: (1) the defendant's Motion for Default Judgment on its First Amended Cross-Bill of Complaint and (2) the plaintiff's Motion for an Extension of Time to File Answer and Grounds of Defense to First Amended Cross-Bill of Complaint.

For the following reasons, the defendant's motion for default will be denied, and the plaintiff's motion for an extension of time to answer will be granted.

This case commenced over one year ago, on November 6, 1997, when plaintiff filed a bill of complaint against defendant seeking injunctive relief and damages. Plaintiff consented to an extension of time for defendant to answer the bill of complaint. On January 9, 1998, defendant filed its answer to the bill of complaint. In addition, defendant filed a cross-bill of complaint against plaintiff. Plaintiff timely responded to the initial cross-bill of complaint. On July 24, 1998, with plaintiff's consent, defendant filed its first amended cross-bill of complaint. On the same date, the parties submitted a consent order to the Court that provided that the plaintiff would have twenty-one days from the entry of the consent order to respond to the first amended cross-bill of complaint. The consent order was entered by the court on August 7, 1998. Accordingly, plaintiff had until August 28, 1998, timely to respond to the first amended cross-bill of complaint. It was not until October 9, 1998 (some 42 days late) that plaintiff responded to the first amended cross-bill of complaint. Defendant has moved for default judgment on its amended cross-

bill. Plaintiff, after the fact, now asks the Court for leave to file its late response.

At the hearing on these motions, Mr. Cunningham, counsel for plaintiff, offered several reasons, none of which the court found compelling, for his late filing. He attributed his delay in answering at various times to the court (for its failure to enter the consent order on the day it was submitted), to his secretary (for failure to see to it that a conformed copy of the consent order was received from the court), to the clerks' office of this court (for its failure to send him a conformed copy), or to opposing counsel (for his failure to respond to his September 15th letter requesting consent to file a late answer). It was only after the Court suggested that it would be more persuaded by a conciliatory approach did Mr. Cunningham admit to any personal responsibility for the late filing.

Although counsel for the defendant is of course "preaching to the choir" when he argues that adherence to court-imposed deadlines ensures the "progress and prompt disposition of cases," the Court will grant leave to plaintiff to file its late answer to the first-amended cross-bill of complaint. The reasons for this are several, including (1) there will be a trial in this case in any event (on the plaintiff's bill of complaint), (2) plaintiff's counsel has acceded to defense counsel's reasonable requests for extensions of time previously in this case, (3) plaintiff's counsel timely answered the initial cross-bill of complaint, whose allegations are largely repeated (with some additions) in the first amended cross-bill of complaint, and (4) trial is not until April 12, 1999, and thus discovery is ongoing.